MICHAEL P. HEALY, #4777-0
1188 Bishop Street, Suite 3304
Honolulu, HI 96813
Telephone: (808) 525-8584
Facsimile:  (808) 376-8695
E-mail: honolululawyer@outlook.com

CHARLES H. BROWER, #1980-0
900 Fort Street, Suite1210
Honolulu, HI 96813
Telephone: (808) 526-2688
Facsimile: (808) 526-0307
E-Mail: honolululaw808@gmail.com

Attorneys for Plaintiff
Moira Richardson

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| MOIRA RICHARDSON, | ) | CIVIL NO. _____ |
| | ) | |
| Plaintiff, | ) | COMPLAINT; JURY |
| | ) | DEMAND; SUMMONS |
| vs. | ) | |
| | ) | |
| FOODLAND SUPER MARKET, | ) | |
| LIMITED, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## COMPLAINT

COMES NOW Plaintiff MOIRA RICHARDSON, by and through her attorneys Charles H. Brower and Michael P. Healy, and for cause of action against Defendant, alleges and avers as follows:

## NATURE OF CASE

1. Plaintiff MOIRA RICHARDSON (hereinafter "RICHARDSON") was and is at all times mentioned herein a resident of Honolulu, Hawaii.

2. Defendant FOODLAND SUPER MARKET, LIMITED (hereinafter "FOODLAND") is and was at all times mentioned herein a domestic profit corporation incorporated in the State of Hawaii.

3. Plaintiff RICHARDSON was hired by Defendant FOODLAND on September 26, 2019, as a part-time cashier.

4. On November 5, 2019, Plaintiff suffered a work injury to her hands and had to be out of work for a medical leave.

5. On February 29, 2020, Plaintiff was notified that she was terminated from her position due to disability discrimination by the refusal of Defendants to give Plaintiff a medically necessary reasonable accommodation for her disability, and for termination due to an injury she suffered while working.

## JURISDICTION

6. The jurisdiction of this Court is pursuant to The Americans With Disability Act of 1990.

2

7. The administrative prerequisites for filing this cause of action have been fulfilled. A right-to-sue letter was issued by the Equal Employment Opportunity Commission ("EEOC") on March 1, 2022.

## STATEMENT OF FACTS

8. Plaintiff RICHARDSON was hired by Defendant FOODLAND on September 26, 2019, as a part-time cashier.

9. Plaintiff suffered an injury at work to her hands on November 5, 2019.

10. Plaintiff notified her supervisors about the injury and was asked if she wanted to "quit", however, she indicated she had no intention to resign, but rather wanted to file a workers' compensation claim and remain employed by Defendant.

11. Plaintiff was off work due to her injuries which leave was properly documented by her physician.

12. Plaintiff could not perform manual tasks, could not lift and work which are major life activities.

13. Plaintiff provided her off work notes to her supervisors.

14. Plaintiff was released to work as of January 30, 2020, with restrictions for working and use of her hands.

15. Plaintiff was scheduled to work on February 6, 2020. Plaintiff reported to work on February 6, 2020 and began working, but at a meeting in which the District Manager was yelling at Plaintiff, was informed that she had missed work on January

3

30, 2020 and January 31, 2020, and was deemed to have resigned due to Defendant's no call/no show policy. Plaintiff maintained she was not scheduled to work on January 30, 2020 and January 31, 2020.

16. For several weeks Plaintiff tried to clarify her work status with her supervisors.

17. On February 29, 2020, Plaintiff received a letter which notified her that she was terminated.

STATEMENT OF CLAIMS

COUNT I - DISABILITY DISCRIMINATION

18. Plaintiff incorporates paragraphs 1 through 15 as though fully set forth herein.

19. The Americans With Disabilities Act of 1990 prohibits discrimination, including termination due to a disability, and to provide a reasonable accommodation to a person with a disability.

20. The aforesaid acts and/or conduct of Defendants constitute discrimination as they were acts and/or failure to act by Defendants and its employees in direct violation of the Americans With Disabilities Act of 1990.

21. The EEOC that Defendant had discriminated against Plaintiff when it failed to provide an accommodation, and terminated Plaintiff due to her work injury and disability.

4

22.  Plaintiff has suffered, as a direct and proximate result of the aforesaid conduct, damages by way of loss of earnings and earning capacity, loss of fringe and pension benefits, and other benefits due her.

23. As a further direct and proximate result of said unlawful conduct, Plaintiff has suffered the indignity of harassment, the invasion of her right to be free from unlawful employment practices, and great humiliation, which is manifest in emotional distress.

24.  As a further direct and proximate result of said unlawful employment practices, Plaintiff has suffered mental anguish, outrage, depression, severe anxiety about her future and his ability to support herself, harm to her employability and earning capacity as well as loss of a career advancement opportunity, painful embarrassment among her friends and co-workers, disruption of her personal life, and loss of enjoyment of the ordinary pleasures of everyday life for which she is entitled to an award of general damages.

25.  The actions of Defendants and their employees as described above are oppressive, outrageous, and otherwise characterized by aggravating circumstances sufficient to justify the imposition of punitive damages.

WHEREFORE, upon a hearing hereof Plaintiff RICHARDSON prays that judgment be entered on all Counts:

5

A.   For reinstatement to Plaintiff RICHARDSON's position with
Defendant FOODLAND with full benefits; and

B.   For all damages to which Plaintiff RICHARDSON is entitled,
including general damages and other damages to be proven at trial;
and

C.   For special damages, including back pay, front pay and other
expenses; and

D.   For punitive damages; and

E.   For attorney's fees, costs, and interest, including prejudgment
interest; and

F.   For such other and further relief as is appropriate.

The total amount of damages prayed for exceeds the minimum jurisdictional
limits of this Court.

DATED:  Honolulu, Hawaii, May 27, 2022.


 /s/ Charles H. Brower
CHARLES H. BROWER
MICHAEL P. HEALY
Attorneys for Plaintiff
Moira Richardson


6